PEOPLE v REA

Docket No. 324728. Submitted February 9, 2016, at Detroit. Decided
    April 19, 2016, at 9:15 a.m. Leave to appeal sought.

Gino R. Rea was bound over for trial in the Oakland Circuit Court
    on a charge of operating a vehicle while intoxicated, MCL
    257.625(1), which prohibits a person from operating a vehicle on
    a highway or other place open to the general public or generally
    accessible to motor vehicles, including an area designated for the
    parking of vehicles, if the person is operating the vehicle while
    intoxicated. Defendant had been arrested after he backed his car
    out of his detached garage on his private driveway, stopped it
    while the car was still in his side yard or backyard, and drove it
    back into the garage. He moved to quash the information. The
    court, Colleen A. O'Brien, J., granted the motion, ruling that the
    upper portion of defendant's private driveway did not constitute
    an area generally accessible to motor vehicles. The prosecution
    appealed.

    The Court of Appeals held:

    Defendant did not operate his vehicle in an area generally
    accessible to motor vehicles. Under MCL 257.44, a residential
    driveway is private property. Even assuming that the bottom (or
    exit) of one's private driveway qualifies as a place open to the
    general public or a place generally accessible to motor vehicles,
    the area of defendant's driveway in which he operated his car was
    not. The general public is not generally permitted to access the
    portion of a private driveway immediately next to a private
    residence, which is a place accessible to a small subset of the
    universe of motor vehicles: those belonging to the homeowner and
    those using the driveway with permission. Defendant consumed
    alcohol and drove his car, but only in this private area. The use of
    the term "generally" in MCL 257.625(1) indicates that the Legis-
    lature meant to limit the reach of the statute, and the circuit
    court properly quashed the information.

    Affirmed.

    JANSEN, J., dissenting, believed that it was the role of the trier
    of fact to determine under the particular facts and circumstances
    of this case whether the upper portion of defendant's driveway

constituted an area that was generally accessible to motor vehicles. The parties agreed regarding what occurred during the incident but contested whether a private driveway is an area generally accessible to motor vehicles as a matter of law under the plain language of MCL 257.625(1) and whether the portion of defendant's driveway on which he operated his vehicle while intoxicated fit that description. No evidence was presented at the preliminary examination regarding the frequency with which other vehicles accessed defendant's driveway. M Crim JI 15.2, the jury instruction concerning the elements of operating while intoxicated, indicates that it is the role of the trier of fact to determine whether a defendant operated a vehicle on an area generally accessible to motor vehicles because that instruction charges the jury with the task of making this determination. Accordingly, Judge JANSEN concluded that the circuit court improperly quashed the information and would have reversed and remanded the case for reinstatement of the charge against defendant and further proceedings.

CRIMINAL LAW — MOTOR VEHICLES — OPERATING WHILE INTOXICATED — PLACES OPEN TO THE GENERAL PUBLIC OR GENERALLY ACCESSIBLE TO MOTOR VEHICLES — PRIVATE DRIVEWAYS.

MCL 257.625(1), part of the Michigan Vehicle Code, MCL 257.1 *et seq.*, prohibits a person from operating a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, if the person is operating the vehicle while intoxicated; the portion of a private driveway immediately next to a private residence, however, does not qualify as a place open to the general public or a place generally accessible to motor vehicles for purposes of a charge of violating the statute.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Timothy Barkovic* for defendant.

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

GLEICHER, P.J. The prosecution appeals the circuit court's order dismissing a charge of operating a vehicle while intoxicated, MCL 257.625(1), levied against defendant. Because defendant was not operating his vehicle in an area generally accessible to motor vehicles, we affirm.

## I. BACKGROUND

Late one spring night, defendant had a lot to drink and withdrew to his Cadillac sedan to listen to loud music. A neighbor objected to the noise and called the police. Two officers responded. They found defendant seated in his car, the driver's door ajar. The vehicle was parked deep in defendant's driveway, next to his house. An officer instructed defendant to turn down the music. The neighbor complained a second time, and one of the officers returned to the scene. The officer heard no music and could not see the Cadillac.

When the third noise dispatch issued, Northville police officer Ken Delano parked on the street near defendant's home and began walking up defendant's driveway. The door to the detached garage opened, and defendant's vehicle backed out for "about 25 feet" before stopping. At that point the car was still in defendant's side- or backyard. As noted by the officer:

> *Q.* . . . So at all times he was either in his side yard or in his own backyard, correct?
>
> *A.* Yes, sir.

Defendant then pulled the car back into the garage. He was arrested as he walked toward his house.

Here are two photographs depicting defendant's driveway and its relationship to his house:

At no time did defendant's car cross "the front of [the] house," Officer Delano admitted.

The prosecution charged defendant with operating a vehicle while intoxicated, MCL 257.625(1). The statute provides in relevant part:

> A person . . . shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, . . . if the person is operating while intoxicated.

The circuit court granted defendant's motion to quash the information, ruling that "[t]he upper portion of Defendant's private residential driveway" does not constitute an area "generally accessible to motor vehicles."

## II. ANALYSIS

We review for an abuse of discretion a circuit court's decision to quash a criminal information and review de novo any underlying questions of statutory interpretation. *People v Lemons*, 299 Mich App 541, 545; 830 NW2d 794 (2013). To bind a defendant over for trial, "the prosecutor must establish probable cause, which requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006) (quotation marks and citations omitted). Dismissal is appropriate only when no "inference may be drawn establishing the elements of the crime charged" based on the evidence presented. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003).

Here, the prosecution failed to establish probable cause to believe that defendant "operate[d] a vehicle upon a . . . place open to the general public or generally accessible to motor vehicles . . . ." The term "generally"

means "to or by most people; widely; popularly; exten-
sively[.]" *Webster's New World College Dictionary* (5th
ed), p 604. Other dictionaries provide similar defini-
tions. *The American Heritage Dictionary of the Eng-
lish Language* (5th ed), p 731, has the following
definition:

> **generally** ... *adv.* **1.** Popularly; widely; *generally
> known.* **2a.** As a rule; usually: *The child generally has little
> to say.* **b.** For the most part: *a generally boring speech.* **3.**
> Without reference to particular instances or details; not
> specifically: *generally speaking.*

The *New Oxford American Dictionary* (3d ed), p 722,
offers these definitions:

> **generally** ... 1 [sentence adverb] in most cases; usu-
> ally: *the term of a lease is generally 99 years.*
>
> **2** in general terms; without regard to particulars or
> exceptions: *a decade when France was moving generally to
> the left.*
>
> **3** widely: *the best scheme is generally reckoned to be the
> Canadian one.*

Common to all three definitions is the concept of
regularity, ordinariness, or normality.

In the statute, the adverb "generally" modifies the
adjective "accessible."[1] "An adjective must modify a
noun or pronoun." *People v Prominski*, 302 Mich App
327, 334; 839 NW2d 32 (2013). "Generally accessible"
in the current statute modifies the noun phrase "other
place." The statute thereby prohibits intoxicated driv-

---

[1] "Accessible" is denominated an adjective in all three dictionaries. It
means "that can be approached or entered[;] easy to approach or enter,"
*Webster's New World College Dictionary*, p 8, or "[e]asily approached or
entered," *The American Heritage Dictionary*, p 7, or "(of a place) able to
be reached or entered: *the town is accessible by bus*[;] *this room is not
accessible to elderly people*," *New Oxford American Dictionary*, p 9.

ing upon a highway or upon any "other place . . . generally accessible to motor vehicles . . . ." MCL 257.625(1).

Defendant drove his car from his garage to a point in his private driveway in line with his house. A residential driveway is private property. See MCL 257.44(1) (" 'Private driveway' means any piece of privately owned and maintained property which is used for vehicular traffic, but is not open or normally used by the public."). Even assuming that the *bottom* of one's private driveway (that is, its exit) qualifies as a "place open to the general public or generally accessible to motor vehicles," MCL 257.625(1), reasonable fact-finders could not differ on this record that the area of defendant's driveway in which defendant operated his car was not. The "general public" is not "widely" or "popularly" or "generally" permitted to "access" that portion of a private driveway immediately next to a private residence.[2] That part of a private driveway is simply not a "place . . . generally accessible to motor vehicles." *Id.* Rather, it is a place accessible to a small subset of the universe of motor vehicles: those belonging to the homeowner or those using the driveway with permission.[3] That particular area of defendant's driveway is akin to a moat; it is an area that strangers are forbidden to cross but defendant may wade at will. Defendant consumed alcohol and drove, but only in

---

[2] We note that our analysis would be different had defendant driven intoxicated in the driveway of an apartment building or other community living center, if defendant's property shared its driveway with the neighboring property, or if defendant proceeded to an area of his driveway where he could encounter a member of the general public who was not trespassing.

[3] Again, had a member of the public trespassed upon defendant's rights and driven while intoxicated in this area, a different result might be required.

this private area. Accordingly, charges were not supportable.

The prosecution insists that because the driveway was not barricaded and any visitors or delivery persons could access the driveway, the trier of fact must decide whether the specific area in which defendant drove was "generally accessible to motor vehicles." We are unpersuaded. That other vehicles had the ability to enter the area of defendant's driveway between his house and his garage misses the point. Physical ability is not the touchstone of general accessibility. Had the Legislature intended to include every place in which it is physically possible to drive a car, it could have so provided. However, the plain language of the statute prohibits driving while intoxicated in places where cars are regularly, "widely," and "usually" expected to travel. The area of a private driveway between one's detached garage and house is not such a place.

Moreover, had the Legislature wanted to criminalize driving while intoxicated in one's own driveway, it could have outlawed the operation of a motor vehicle in *any* place "accessible to motor vehicles," omitting the adverb "generally." But the statute uses the word "generally" to modify the word "accessible," and the combined modifier to further describe "other place." The commonly understood and dictionary-driven meanings of the term "generally" in this context compel the conclusion that the Legislature meant to limit the reach of MCL 257.625(1). On this record, no one could reasonably conclude that defendant drove in an area that was open to the general public or was generally accessible to motor vehicles other than to defendant and the members of his household. As such, the circuit court properly quashed the information.

We affirm.

SHAPIRO, J., concurred with GLEICHER, P.J.

JANSEN, J. (*dissenting*). I respectfully dissent because I believe that it is the role of the trier of fact to determine whether defendant's driveway was generally accessible to motor vehicles. Accordingly, I would reverse and remand for reinstatement of the charge against defendant and further proceedings.

The issue in this case involves whether the portion of defendant's driveway on which he drove while intoxicated was "generally accessible to motor vehicles" under MCL 257.625(1). MCL 257.625(1) provides, in relevant part:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated.

The parties contest whether a private driveway is an area generally accessible to motor vehicles as a matter of law under the plain language of the statute and whether the portion of defendant's driveway on which he operated his vehicle while intoxicated was generally accessible to motor vehicles. The prosecution argues that a private driveway is an area generally accessible to motor vehicles as a matter of law, while defendant contends that the upper portion of his private driveway was not generally accessible to motor vehicles. Both parties argue that the language of MCL 257.625(1) supports their position.

I believe that the issue whether the upper portion of defendant's private driveway was generally accessible to motor vehicles is a question of fact for the trier of fact to determine after hearing the evidence in the case. The parties agree regarding what occurred dur-

ing the incident. Defendant drove his vehicle out of his garage and backed it down his driveway approximately 25 feet. He stopped driving his car before it crossed over the point where the fence line began and before it passed the front of his house. The vehicle's back bumper was "pretty close to the front of the house" when the vehicle stopped. Defendant then drove his vehicle back into his garage. Defendant was intoxicated during the incident. Thus, defendant only drove his motor vehicle while intoxicated on the upper portion of his driveway, which was encompassed within the backyard and side yard of his house.

However, the parties do dispute whether the driveway was generally accessible to motor vehicles. The prosecution argues that defendant's driveway was generally accessible to motor vehicles because the driveway was not blocked off and defendant, or any visitors or delivery persons, could access the driveway with a motor vehicle. The prosecution further contends that defendant did not have any no-trespassing signs on his property. In contrast, defendant argues that the area on which he operated his motor vehicle was not generally accessible to motor vehicles because it was in his "backyard/side-yard," was next to his house, and was behind the fence-line of his property. Defendant contends that a reasonable driver would not conclude that he or she had permission to access or use this portion of his driveway.

I believe the trier of fact must determine whether the area on which defendant drove his vehicle while intoxicated was generally accessible to motor vehicles under the particular facts and circumstances of this case. I disagree with the majority's conclusion that the area of defendant's driveway on which he operated his vehicle was akin to a moat that strangers were forbid-

den to cross because it is unclear whether other ve-
hicles were routinely permitted or forbidden to access
the portion of defendant's driveway on which he oper-
ated his vehicle. The majority concludes that motor
vehicles are not widely or generally permitted to access
the upper portion of a private driveway immediately
next to a private residence, but also notes that there
are several scenarios in which a private driveway may
constitute an area generally accessible to motor ve-
hicles. In this case, there was no evidence presented at
the preliminary examination regarding the frequency
with which other vehicles accessed defendant's drive-
way. Therefore, I conclude that the issue whether the
upper portion of the driveway constitutes an area
generally accessible to motor vehicles is a question of
fact for the trier of fact to determine on the basis of the
evidence presented at trial.

M Crim JI 15.2 further supports the conclusion that
the issue is one for the trier of fact to determine at
trial. M Crim JI 15.2 provides:

> To prove that the defendant operated while intoxicated
> [or while visibly impaired], the prosecutor must prove
> each of the following elements beyond a reasonable doubt:
>
> (1) First, that the defendant was operating a motor
> vehicle [on or about (*state date*)]. Operating means driving
> or having actual physical control of the vehicle.
>
> (2) Second, that the defendant was operating a vehicle
> on a highway or other place open to the public or generally
> accessible to motor vehicles.
>
> (3) Third, that the defendant was operating the vehicle
> in the [county / city] of _____.

The jury instruction indicates that it is the role of the
trier of fact to determine whether a defendant operated
a vehicle on an area generally accessible to motor
vehicles because the jury instruction charges the jury

with the task of making this determination. In this case, because there was no testimony regarding what vehicles accessed the driveway and because the prosecution established that vehicles could enter the area, I believe that the issue is one for the trier of fact to determine after examining the evidence presented at trial. Therefore, I conclude that the circuit court improperly quashed the information. Accordingly, I would reverse and remand for reinstatement of the charge against defendant and further proceedings.